# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 14-cv-21045-MARTINEZ/GOODMAN

PEDRO P. DIAZ,

      Plaintiffs,

v.

WINN-DIXIE STORES, INC.,
*et al.*,

      Defendants.

_____/

## ORDER GRANTING MOTION TO QUASH SERVICE OF PROCESS AND SETTING ASIDE CLERK'S ENTRY OF DEFAULT

This Cause is before the Undersigned on the District Court's referral [ECF No. 19] of Defendant Winn-Dixie Stores, Inc.'s ("Winn-Dixie") [ECF No. 13] Motion to Quash Service of Process and Set Aside Clerk's Default and Request for Attorney's Fees and Costs (the "Motion"). The Undersigned has reviewed the Motion, Plaintiff's response in opposition [ECF No. 16], Winn-Dixie's reply brief in support of the Motion [ECF No. 17], and all other pertinent portions of the record.  For the reasons outlined below, the Motion is **GRANTED in part and DENIED in part.** The Motion to Quash service is granted, with leave for Plaintiff to serve Winn-Dixie in the manner provided

by law, no later than February 16, 2015.[1] The Clerk's entry of default [ECF No. 12] is set aside. Winn-Dixie's motion for fees and costs is denied, as is Plaintiff Pedro P. Diaz's ("Diaz").

## I.   BACKGROUND

On March 20, 2014, Diaz filed an amended complaint, alleging violations of the Fair Labor Standards Act ("FLSA"), Florida's minimum wage act, and the Family and Medical Leave Act of 1993 ("FMLA"), against Defendants Winn-Dixie (where Diaz worked for 19 years) and Edwin Rivas (the director of the Winn-Dixie location where Diaz worked).[2] [ECF No. 4]. A Verified Return of Service was filed on May 19, 2014. [ECF No. 10].

According to the return of service, the process server attempted to serve Winn-Dixie by going to the Winn-Dixie location where Diaz had worked, and serving an employee at the deli food counter there. [*Id.*]. The return states that service was made pursuant to Fla. Stat. § 48.081(3a) because Winn-Dixie "failed to have a registered agent

---

[1]     The Undersigned is issuing an order, rather than a report and recommendations, because quashing service is not case-dispositive, and Plaintiffs are being granted the opportunity to effect service in accordance with applicable law.  *See, e.g., Bodyup Fitness, LLC v. 2080039 Ontario, Inc.*, No. 07-22223-CIV, 2008 WL 516996 (S.D. Fla. Feb. 23, 2008).

[2]     The original complaint's caption stated that the defendants were Winn-Dixie and one "Edwin Diaz." [ECF No. 1, p. 1]. However, the body of that complaint referenced Edwin Rivas, and the Amended Complaint, filed on March 25, 2014, corrected the case caption to reflect that Edwin Rivas was the proper individual defendant. [ECF No. 4].

available for service of process, and/or posting a sign, in accordance with [Fla. Stat. §]

48.091." [*Id.*].

There is a "Comments" note included with the return as well. According to that

note:

> I arrived and identified myself to a black male and told him about the
> process I had to serve. He told me Edwin Rivas was no longer there and
> left to make a phone call about the process. I asked if there was a
> Registered Agent sign posted and he told me he was not accepting process
> and walked away. I saw that his name tag said department manager, but
> did not get his name. I followed him to the deli and asked the employee
> served what his name was and he said for her not to tell me. I then served
> the process to her and she left during service and I placed the process on
> the deli counter, while informing her of the same. I later called the Winn-
> Dixie corporate number to find the identity of the department manager
> and was told that I would be called back, but did not receive a call back.

[*Id.*].

Winn-Dixie has moved to quash service under Federal Rule of Civil Procedure

4(h), which governs the manner in which service of a complaint may be effected.[3] Winn-

Dixie argues that service was improper because Diaz did not serve an officer of the

company or its registered agent. Winn-Dixie further argues that Diaz's counsel knew or

should have known that service at the deli counter of a local Winn-Dixie location was

improper. According to Winn-Dixie, attorney's fees and costs "should be assessed

against Plaintiff's counsel for unreasonably multiplying the litigation in moving for and

---

[3]    Winn-Dixie should have filed its motion pursuant to Federal Rule of Civil
Procedure 12(b)(5), which specifically contemplates a motion to dismiss and/or to
quash, for "insufficient service of process," but, this slight procedural distinction does
not affect the outcome here.

3

obtaining a clerk's default when he knew, or should have known, that service of process was invalid." [ECF No. 13, p. 2].

In response, Diaz argues, predictably, that service *was* proper. Diaz states that service was made pursuant to Fla. Stat. § 48.081(3)(a), which, according to Diaz, allows service on any employee at a defendant's principal place of business or any employee of the registered agent, as long as the defendant failed to keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served. [ECF No. 16, p. 5]. Diaz believes that Winn-Dixie's principal place of business, for purposes of this case, is the store where service was "effectuated," and so service on either the manager or the deli counter employee was valid. [*Id.*].

Diaz also argues that Winn-Dixie failed to properly confer with Diaz before filing the Motion at issue here. [*Id.* at pp. 7-8]. According to Diaz, had that conferral occurred, the issues could have been resolved without resorting to motion practice. Diaz says he would have agreed to set aside the Clerk's entry of default and would have resolved any service of process issue.

Winn-Dixie notes in its reply memorandum that it *did* notify Diaz by email that it would move to set aside the default. [ECF No. 17, pp. 4-6]. In addition, Winn-Dixie argues that the local store where service was effected is *not* Winn-Dixie's principal place of business. [*Id.,* at pp. 3-4].

## II.    ANALYSIS

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation such as Winn-Dixie. Under Rule 4(h)(1)(B), a corporation may be served by serving any agent authorized by law or appointment to receive service of process, including an officer, or a managing/general agent of the corporation. In addition, a corporation may be served in the manner prescribed by Rule 4(e)(1), which governs, in part, service of process for an individual. Fed. R. Civ. P. 4(h)(1)(A). Under Rule 4(e)(1), service of process may be effected using any method available under the laws of the state where the federal judicial district in which the complaint was filed is found.

Under Florida statute, process against a private corporation may be served on an enumerated hierarchy of corporate officials and employees or by serving a corporation's registered agent.  Fla. Stat. § 48.081.  Every Florida corporation (or foreign corporation qualified to transact business in Florida) must designate a registered agent and registered office that can accept service of process, and that office must be open from 10 a.m. until noon each day except Saturdays, Sundays, and legal holidays.  Fla. Stat. § 48.091. The statute provides that a corporation "shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served." *Id.* If a corporation fails to comply with section 48.091, then service of process may be effected on any employee of

the corporation *at its principal place of business*, or any employee of the registered agent. Fla. Stat. § 48.081(3)(a) (emphasis added).

Diaz argues that he effected service pursuant to Fla. Stat. § 48.081(3)(a). According to Diaz, service was proper because Winn-Dixie failed to post a sign with the name of its registered agent at the local Winn-Dixie where service was attempted and because the local Winn-Dixie location is Winn-Dixie's principal place of business, at least for purposes of this action. Diaz is wrong on both theories.

As Winn-Dixie notes, Diaz has the burden of establishing that service was proper. [ECF No. 17, p. 3, citing *York Commc'ns, Inc. v. Furst Group, Inc.*, 724 So.2d 678, 679 (Fla. 4th DCA 1999)]. In addition, the bare allegation of a section 48.091 violation is insufficient to meet that burden or to justify service pursuant to Fla. Stat. § 48.081(3)(a). [*Id.* citing *Dienes v. U.S. Alliance Mgmt. Corp.*, 955 So.2d 1187, 1188-89 (Fla. 3d DCA 2007)].

Here, Diaz has presented limited evidence -- only the verified return of service [ECF No. 10] and the declaration of David Sutton [ECF No. 16-2] -- which says that the process server *asked* whether there was a registered agent sign posted in the store. No mention is made of whether there *was or was not* actually such a sign. Without more, Diaz's reliance on section 48.081(3)(a) is improper.[4]

---

[4]     Section 48.091 states that a corporation shall keep a sign posted in its *designated* registered office. Fla. Stat. § 48.091. Diaz has not even argued that the local Winn-Dixie store *was* that office.

6

In addition, even if Diaz could rely on section 48.081(3)(a), he failed to follow it properly here. A local Winn-Dixie store is *not* its principal place of business. A corporation's principal place of business  "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). In Florida, corporations are required to designate their principal place of business with the Florida Department of State Division of Corporations. Fla. Stat. § 48.081(3)(a); *TID Servs., Inc. v. Dass*, 65 So. 3d 1, 7 (Fla. 2d DCA. 2010); *Altamirano v. Le Kabob, LLC*, 12-cv-21335, 2013 WL 359730 (S.D. Fla. Jan. 11, 2013) *report and recommendation adopted*, 12-cv-21355, 2013 WL 357822 (S.D. Fla. 2013). Winn-Dixie has registered an address in Jacksonville, Florida as its principal place of business with the Florida Department of State Division of Corporations. [ECF No. 13-1].

Diaz failed to properly effect service of process on Defendant Winn-Dixie, and the Motion to Quash is **granted**, with leave for Diaz to serve Winn-Dixie in the manner provided by law, no later than February 16, 2015. The Clerk's Entry of Default [ECF No. 12] is set aside.

## III.    THE PARTIES' REQUESTS FOR FEES ARE DENIED

Both parties' requests for fees are **denied**, as each is at fault, at least partially, for the current circumstances. As Winn-Dixie notes, service in this case was clearly improper, and Diaz should not have moved the Clerk for entry of default. But, before moving for entry of a final default judgment, Diaz contacted counsel for Winn-Dixie,

(he knew that law firm represented Winn-Dixie in an unrelated FLSA action where he represented the plaintiff). [ECF No. 16-1, p. 4].

In response, counsel for Winn-Dixie indicated it would move to set aside the Clerk's entry of default. That email, sent the day before filing the Motion at issue here, *did not* meet Local Rule 7.1's conferral requirement. Winn-Dixie did not request that Diaz move to vacate the default, ascertain whether the Motion was even opposed, or in any other manner seek to work collaboratively to resolve the parties' disputes. Perhaps counsel for Diaz would not have been amenable to a compromise on the issue, or, perhaps, as he claims in his response, he would have agreed to jointly request that the clerk's entry of default be vacated and would have worked to resolve any service of process issue. The problem is that we will never know -- because Winn-Dixie failed to adequately confer.[5]

It is impossible to entirely allocate blame for the motion practice resolved by this order to one, or the other, party -- both parties are at fault. The parties' requests for fees

---

[5]    In addition, the Motion does not include a Local Rule 7.1 conferral certification, as expressly required by the rule. Local Rule 7.1(a)(3). **For that reason alone**, Winn-Dixie failed to meet its conferral obligations.

are each **denied**. Neither counsel should take comfort in this no-fees portion of the Order.[6]

      **DONE AND ORDERED** in Chambers, in Miami, Florida, this 8th day of January, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

Judge Jose E. Martinez

All counsel of record

---

[6]      Three separate briefs, totaling 22 pages, have been filed on this one issue. Counsel have likely incurred thousands of dollars of attorney's fees litigating an issue which could have, and should have, been resolved in a two-minute phone call. Plaintiff's contention [ECF No. 16, p. 5] that Winn-Dixie's principal place of business is the local store where he worked is particularly problematic. Plaintiff failed to cite any authority to support this startling argument. Had Winn-Dixie complied with Local Rule 7.1, the Undersigned likely would have awarded fees against Plaintiff's counsel under 28 U.S.C. § 1927. Plaintiff's counsel now says that he would have agreed to vacate the default if only he had been asked, but this after-the-fact representation seems fundamentally at odds with his continued argument that a local store is Winn-Dixie's principal place of business.